DIEMER, WHITMAN & CARDOSI, LLP
JUDITH L. WHITMAN, #103385
75 East Santa Clara Street, Suite 290
San Jose, California 95113
Telephone: (408) 971-6270
Facsimile: (408) 971-6271

ATTORNEYS FOR
MARK KESEL

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>MARK KESEL<br>                Debtor. | Case No. 10-41653 WJL<br><br>CHAPTER 11<br><br>Date: December 14, 2011<br>Time: 9:30 A.M.<br>Place: 1300 Clay Street<br>       Courtroom 220<br>       Oakland, CA 94612<br><br>Judge: William J. Lafferty |

**NOTICE OF HEARING ON MOTION BY DEBTOR, MARK KESEL TO DISMISS CHAPTER 11 CASE**

TO: ALL PARTIES IN INTEREST, THE OFFICE OF THE UNITED STATES TRUSTEE, AND THEIR RESPECTIVE ATTORNEYS OF RECORD

      **NOTICE IS HEREBY GIVEN** that on December 14, 2011, at 9:30 AM in the Courtroom of the Hon. William J. Lafferty, located in the United States Bankruptcy Court for the Northern District of California, Oakland Division, 1300 Clay Street, Courtroom 220, Oakland, California 94612, a hearing will be held on the Motion by Debtor Mark Kesel to Dismiss Chapter 11 Case (the "Motion to Dismiss"). The Motion to Dismiss is conditioned upon approval of the accompanying Motion by Debtor Mark Kesel for Order Approving Compromise of Controversy with Applied

1

NOTICE OF HEARING ON MOTION BY DEBTOR, MARK KESEL TO DISMISS CHAPTER 11 CASE

Case: 10-41653    Doc# 97    Filed: 11/22/11    Entered: 11/22/11 15:50:50    Page 1 of 3

Materials (the "Compromise Motion"), as the settlement which is the subject of the Compromise Motion requires that the Court approve the settlement and dismiss the Chapter 11 case. By his Motion to Dismiss Debtor will, and hereby does, move the Court for an order dismissing his Chapter 11 Case subject to retention of and continued validity of the Order Approving the Compromise Motion (provided that such motion is granted) which order shall remain binding and effective notwithstanding dismissal of the case.

The Motion is made upon the grounds that Debtor has achieved a settlement with Applied Materials, Inc. ("Applied") and that settlement has resolved the primary dispute in this Chapter 11 case such that there exists no cause for the Chapter 11 case to remain pending. Accordingly, Debtor requests that the case be dismissed subject to the continued effectiveness of the above-identified order.

As is more fully set forth in the Motion, and in the Settlement Agreement, the settlement provides for full resolution of the dispute which has been pending for many years between Debtor (and other parties) and Applied, and which resulted in issuance of a Judgment against Debtor (and other parties) in the amount of $1,427,928.94 (the "Judgment"). The settlement provides, *inter alia*, that (1) the debtor parties, including Debtor (the "Debtor Parties") will provide Applied with a non-exclusive license as to any patents owned by the Debtor Parties (with those patents, which are owned by Debtor Party Multimetrixs, listed in an attachment to the Settlement Agreement); (2) the Debtor Parties will not further challenge the underlying Judgment and will not pursue unjust enrichment claims; (3) Applied will not enforce the Judgment against the Debtor Parties (except that Applied may assert the Judgment in any action filed by the Debtor Parties against Applied, as is set forth in the Settlement Agreement); (4) Applied will release any and all judgment liens; and (5) Debtor and co-judgment debtor Boris Kesil, who has filed a Chapter 11 case pending in the San Jose Division shall dismiss their bankruptcy cases. (*See* Settlement Agreement Pgs. 3-5 for detailed terms of the "Agreement" section).

As a result of the settlement, Debtor will resolve the primary and central dispute pending in the Bankruptcy Case. The agreement will settle the $1,427,928.94 Judgment against Debtor in a manner which will avoid any collection action by Applied against Debtor (absent specific action by

2
NOTICE OF HEARING ON MOTION BY DEBTOR, MARK KESEL TO DISMISS CHAPTER 11 CASE
Case: 10-41653    Doc# 97    Filed: 11/22/11    Entered: 11/22/11 15:50:50    Page 2 of 3

the Debtor Parties as set forth in the settlement agreement). The settlement will also reduce the risks associated with the disputes between the parties, and will avoid future litigation, as Applied had indicated an intent to file a non-dischargeability action against Debtor. The settlement also provides for dismissal of the Debtor's bankruptcy case such that further administrative expenses will be avoided.

Further, the settlement and proposed dismissal is beneficial for creditors in that the bankruptcy case will be dismissed such that unsecured claims will not be discharged; and, perhaps more importantly, the unsecured claims will not be diluted (either in or out of bankruptcy) by the significant Judgment in the amount of $1,427,928.94. If the settlement is not approved, and the case not dismissed, other unsecured claims would be dwarfed by the Judgment held by Applied and as a result other unsecured creditors would receive a minimal dividend and would suffer a discharge as to the remaining unpaid portions of their claims. If the settlement is approved, and the case dismissed, those claims will not be discharged, and may be paid outside of bankruptcy (and the creditors otherwise retain their rights to pursue such claims).

The Motion is based upon this Notice of Hearing on Motion, the Motion and Points and Authorities and Declaration of Debtor filed herewith, the files in this Chapter 11 case, any further briefing submitted (if any), and the arguments of counsel. A full copy of the moving papers may be obtained upon a request presented to Debtor's counsel (contact information listed in the caption on the preceding page).

Respectfully submitted.

Dated: November 22, 2011          DIEMER, WHITMAN & CARDOSI, LLP

By:   /s/ Judith L. Whitman
      Attorneys for Debtor, Mark Kesel